# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ELTON LOUIS,

        Plaintiff,

v.                                                                                              Case No. 08-C-558

STOCKBRIDGE-MUNSEE COMMUNITY,

        Defendant.

## DECISION AND ORDER

Plaintiff Elton Louis filed this action on June 30, 2008, pursuant to 42 U.S.C. § 1983 and the Wisconsin Fair Employment Act ("WFEA"), Wis. Stats. § 111.01 *et seq.*, claiming that Defendant Stockbridge-Munsee Mohican Community (the "Tribe"), a federally recognized Indian tribe, deprived him of property without due process of law and his right to employment in violation of the United States and Wisconsin Constitutions, and the WFEA. The Tribe has now filed a motion to dismiss on the ground that its tribal sovereign immunity prevents Louis from maintaining such a lawsuit. In addition, the Tribe claims that the Court lacks subject matter jurisdiction over the dispute, and that in any event, Louis has failed to state a cognizable claim under either 42 U.S.C. § 1983 or the WFEA. For the reasons stated herein, the Tribe's motion to dismiss will be granted.

## MOTION TO DISMISS STANDARD

The purpose of a motion to dismiss is to test the sufficiency of the complaint to state a claim upon which relief may be granted, not to decide the merits of the case. *Gibson v. City of Chi.*, 910

F.2d 1510, 1520 (7th Cir. 1990); *See* Fed. R. Civ. P. 12(b)(6). In reviewing a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded factual allegations and draw all inferences in the light most favorable to the nonmoving party. *Gutierrez v. Peters*, 111 F.3d 1364, 1368-69 (7th Cir. 1997); *Mosley v. Klincar*, 947 F.2d 1338, 1339 (7th Cir. 1991).

When extrinsic evidence outside the pleadings is submitted with a motion to dismiss under Rule 12(b)(6), the court generally must either convert the motion into one for summary judgment under Fed. R. Civ. P. 56, or exclude the documents attached to the motion to dismiss and continue under Rule 12(b)(6). *Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998). Here, Louis has submitted an affidavit in which he asserts that he applied for and received unemployment benefits from the State of Wisconsin as a result of his employment by the Tribe and the termination of that employment. (Louis Aff., August 15, 2008, ¶ 8.) Because I conclude that this additional information is irrelevant to the issues raised by the motion to dismiss, I decline to convert the motion into one for summary judgment.

**BACKGROUND AND ALLEGATIONS OF THE COMPLAINT**

The Stockbridge-Munsee Mohican Community is a federally-recognized Indian Tribe organized under the Indian Reorganization Act of 1934 ("IRA"), 48 Stat. 984 (1934), codified at 25 U.S.C. § 461 *et seq*. (Br. Supp. Mot. Dismiss 1.) It occupies a reservation in Shawano County, Wisconsin. (*Id*.) The Tribe owns and operates a Health and Wellness Center ("the Center"), located on tribal reservation trust land, (*Id*. 6) through which it provides a broad range of health care services to both tribal members and non-Indians. (Compl. ¶ 402.) Louis was employed as a Mental

Health Worker at the Center from August 1998 to June 2, 2000, when his employment was terminated by the Tribe. (*Id*. ¶¶ 405-06.)

Louis filed a petition for reinstatement on June 27, 2000, before the Stockbridge-Munsee Tribal Court, claiming that his termination was in violation of Section 53.3 of the Stockbridge-Munsee Tribal Law Employee Rights Ordinance and Section 7 of the Information Handbook for Employees of the Mohican Nation. (*Id*. ¶¶ 407, 415.) The tribal court ruled in his favor, ordering reinstatement of Louis' position and benefits, as well as back pay for one year from the date of the termination. (*Id*., Ex. A.) The Tribe appealed, the tribal court of appeals remanded the case for further explanation, and the trial court made the same award in a second decision and order on December 1, 2006. (*Id*., Ex. B, Ex. C.) Again, the Tribe appealed. The appellate court stayed the judgment against the Tribe, and then, on January 16, 2008, reversed the trial court. (*Id*., Ex. K)[1] Louis now claims that the January 16, 2008 decision of the tribal appellate court and the Tribe's actions with regard to his employment have denied him due process of law and subjected him to "the deprivation of his rights, privileges and immunities" under the WFEA, federal law, and the United States and Wisconsin Constitutions. (*Id*., ¶¶ 429, 501-503.)

## ANALYSIS

The Tribe contends that this Court lacks jurisdiction over the matter because it is immune from Louis' suit under the doctrine of sovereign immunity, and because the Court lacks subject-

---

[1] Louis filed a motion to reconsider with the tribal court of appeals, alleging that his right to due process was violated by the January 16, 2008 decision. (*Id*. ¶ 430, Ex. L.) At the time Louis filed his complaint, the appellate court had not yet ruled on his motion to reconsider. (*Id*. ¶ 433.) The present status of the motion is unclear, but irrelevant to the present analysis.

matter jurisdiction. (Br. Supp. 3-4.) In support of its claim that subject-matter jurisdiction is lacking, the Tribe asserts that it is not a citizen of any state for purposes of diversity jurisdiction, and that "federal question jurisdiction collapses with the plaintiff's Section 1983 claim," (*Id*. at 4) since Louis has failed to state a cognizable claim under 42 U.S.C. § 1983. (*Id*. at 5.) However, "[t]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists . . . when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Burda v. M. Ecker Co.*, 954 F.2d 434, 438 (7th Cir. 1992). The Court does not lack subject matter jurisdiction over a case merely because the federal claim a plaintiff has pleaded ultimately fails. Here, Louis alleges on the face of his complaint the violation of a federal statute. Thus, he has met the requirement of federal-question jurisdiction.

Nonetheless, the Court lacks jurisdiction over this case under the doctrine of tribal sovereign immunity. As a necessary corollary to their sovereignty and self-governance, Indian tribes are immune from suit in both state and federal court unless "Congress has authorized the suit or the tribe has waived its immunity." *Kiowa Tribe of Oklahoma v. Manufacturing Technologies, Inc.*, 523 U.S. 751, 754 (1998); *Three Affiliated Tribes of Fort Berthold Reservation v. Wold*, 476 U.S. 877, 890 (1986). This immunity "is a matter of federal law and is not subject to diminution by the States." *Id*. at 757. It is not confined to reservations or to the noncommercial activities of tribes, but rather, it "extends beyond what is needed to safeguard tribal self-governance" to a tribe's enterprises in our nation's commerce. *Id*. at 759.[2]

---

[2] Even though the *Kiowa* Court expressed doubt as to the wisdom of applying the doctrine of tribal sovereign immunity to a tribe's widespread commercial activity in modern society, it expressly declined to judicially abrogate or limit such immunity. 523 U.S. at 758-60.

4

Louis does not contend that the Tribe has in some manner waived its immunity in this instance or that it has been abrogated by Congress in this context. Rather, he claims that the "[i]mpairment of tribal sovereignty is negligible in this case," presumably because the Tribe's operation of the Center is, at least in part, of a commercial nature. (Br. Opp'n 7.) He asserts that the Center is certified by the State of Wisconsin to provide the services it offers, and "obtains payments from companies, Medicare and Medicaid for services it provide[s] to tribal members and members of the general public." (*Id.*)

Thus, Louis claims, this case is analogous to *San Manuel Indian Bingo and Casino v. NLRB*, 475 F.3d 1306 (D.C. Cir. 2007), in which the United States Court of Appeals for the District of Columbia Circuit held that tribal immunity did not prevent the application of the National Labor Relations Act to union organizing efforts at a casino a tribe operated on its reservation. The court noted that the "impairment of tribal sovereignty [was] negligible in th[at] context, as the Tribe's activity was primarily commercial." *Id.* at 1315. Louis also cites the Supreme Court's decision in *Organized Village of Kake v. Egan*, 369 U.S. 60 (1962), in which the Court upheld the application of an Alaskan anti-trap-fishing conservation statute to Indians in non-reservation waters, noting that "even on reservations state laws may be applied to Indians unless such application would interfere with reservation self-government or impair a right granted or reserved by federal law." *Id.* at 75-76.

But "whether an Indian tribe is subject to a statute and whether the tribe may be sued for violating the statute are two entirely different questions." *Florida Paraplegic, Ass'n, Inc. v. Miccosukee Tribe of Indians of Florida*, 166 F.3d 1126, 1130 (11th Cir. 1999); *see also Kiowa*, 523 U.S. at 755 ("There is a difference between the right to demand compliance with state laws and the means available to enforce them."). The analysis of both *San Manuel* and *Organized Village of*

5

*Kake* concerned the applicability of a federal or state statute to an Indian tribe, and is thus inapplicable here where the issue presented is whether a private party may maintain a suit against the Tribe pursuant to 42 U.S.C. § 1983 and the WFEA. There is no indication that the Tribe has waived its immunity from suit or of congressional abrogation. Louis claims that the Center accepted payment from federal and/or state entities, was conferred certain certification by the State of Wisconsin, and employed persons eligible for state unemployment benefits. (Br. Opp'n 7.) But these facts, even if true, do nothing to diminish the Tribe's immunity from suit. I therefore conclude that the doctrine of sovereign immunity governs this case and mandates dismissal.

Even if it did not, Louis' claims would still fail. Although Louis frames his allegations as constitutional violations actionable under 42 U.S.C. § 1983, the statute provides remedy only for violations by persons acting "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." "A § 1983 action is unavailable 'for persons alleging deprivation of constitutional rights under color of tribal law.'" *Burrell v. Armijo*, 456 F.3d 1159, 1174 (10th Cir. 2006) (quoting *R.J. Williams Co. v. Ft. Belknap Hous. Auth.*, 719 F.2d 979, 982 (9th Cir. 1983)). Here, Louis' claims at most allege that the Tribe took unfavorable action against him under color of tribal law, which is insufficient to support a cognizable claim under § 1983.

Louis also claims that the Tribe's actions violated the WFEA. The parties dispute whether the Tribe is even subject to the WFEA. The Tribe contends it is not, (Br. Supp. 5-6) but Louis argues that "given the nature of the clinic, its certification by the State of Wisconsin and being subject to unemployment laws," the WFEA does apply, citing Public Law 280, 18 U.S.C. § 1162, as amended, 28 U.S.C. § 1360. (Br. Opp'n 7-8.) Through Public Law 280, "Congress gave express

6

authority to Wisconsin and certain other states to exercise criminal jurisdiction over offenses committed by or against Indians in Indian country and civil jurisdiction over causes of action arising in Indian country between Indians or in which Indians are parties." *Lac Du Flambeau Band of Lake Superior Chippewa Indians v. Zeuske*, 145 F. Supp. 2d 969, 975 (W.D. Wis. 2000). Yet Public Law 280 did not grant general civil regulatory authority to the states. *California v. Cabazon Band of Mission Indians*, 480 U.S. 202, 207-08 (1987). It appears that the courts have not addressed whether actions against a tribe pursuant to the WFEA fall within the jurisdiction granted to the state by Public Law 280. I need not decide the issue here, however, because, as the Tribe argues, even if the WFEA applies to the Tribe, Louis has failed to state a cognizable claim under the statute.

The WFEA provides, in relevant part,

> no employer, labor organization, employment agency, licensing agency, or other person may engage in any act of employment discrimination . . . against any individual on the basis of age, race, creed, color, disability, marital status, sex, national origin, ancestry, arrest record, conviction record, military service, or use or nonuse of lawful products off the employer's premises during nonworking hours.

Wis. Stat. § 111.321. Louis alleges that his employment was terminated without just cause, and without provision of counseling and corrective actions he believes were required by tribal ordinance, and contrary to the Information Handbook for Employees of the Mohican Nation. (Compl. ¶ 407.) He makes no allegation, however, that he was discriminated against on the basis of any protected class or category under the WFEA.

Although he claims in a conclusory fashion that "[t]he wrongful actions of the defendant have subjected [him] to the deprivation of his rights, privileges and immunities under" the WFEA, this is insufficient to state a claim. A plaintiff's complaint need not allege sufficient facts to establish a prima facie case, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 515 (2002) (cited with

7

approval in *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1969 (2007)), but it must provide the defendant with fair notice of the plaintiff's claims and sufficient facts to provide notice of the grounds upon which such claims rest. *Bell Atl.*, 127 S. Ct. at 1959; Fed. R. Civ. P. 8(a)(2) (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief.").

## CONCLUSION

In sum, the Court lacks jurisdiction over this matter because the Tribe has not waived its sovereign immunity from suit. In addition, Louis has failed to state a claim under either § 1983 or the WFEA. Accordingly, the Tribe's motion is **GRANTED**, and this case is **DISMISSED**.

Dated this   16th   day of September, 2008.

s/ William C. Griesbach
William C. Griesbach
United States District Judge
